UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SUNCOAST WATERKEEPER, ET AL.,

    Plaintiffs,

v.                                            CASE NO. 8:17-cv-35-T-24 MAP

CITY OF GULFPORT,

    Defendant.
_____/

## **ORDER**

This cause comes before the Court on Plaintiffs' Motion for Rule 11 Sanctions. (Doc. No. 47). Defendant opposes the motion. (Doc. No. 52). As explained below, the motion is denied.

Plaintiffs filed the instant lawsuit under the Clean Water Act. In response, Defendant filed a motion to dismiss for lack of standing (Doc. No. 22) and a Request for Judicial Notice (Doc. No. 21). The Court denied both the motion to dismiss and the request for judicial notice. (Doc. No. 48). Prior to the Court's rulings, Plaintiffs filed the instant motion for Rule 11 sanctions.

Federal Rule of Civil Procedure 11(b) provides the following:

> By presenting to the court a . . . motion, . . . an attorney . . . certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and

(4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Fed. R. Civ. P. 11(b). The Court considers the following before imposing sanctions under Rule 11:

> Rule 11 requires district courts to impose "appropriate sanctions," after notice and a reasonable opportunity to respond, where an attorney or party submits a pleading to the court that: (1) is not well-grounded in fact, i.e., has no reasonable factual basis; (2) is not legally tenable; or (3) is submitted in bad faith for an improper purpose. The objective standard for assessing conduct under Rule 11 is "reasonableness under the circumstances" and "what [it] was reasonable to believe at the time" the pleading was submitted. Sanctions are warranted when a party exhibits a "deliberate indifference to obvious facts," but not when the party's evidence to support a claim is "merely weak."

Riccard v. Prudential Ins. Co., 307 F.3d 1277, 1294 (11th Cir. 2002)(internal citations omitted).

Defendant's motion to dismiss and the request for judicial notice, while not meritorious, were certainly not frivolous, nor were they objectively unreasonable. Nor does the Court find that they were filed for an improper purpose or in bad faith. Thus, the Court finds that the imposition of Rule 11 sanctions is not warranted. Accordingly, Plaintiffs' motion is denied.

**DONE AND ORDERED** at Tampa, Florida, this 9th day of May, 2017.

*Susan C. Bucklew*
SUSAN C. BUCKLEW
United States District Judge

Copies to:

Counsel of Record