UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SUNCOAST WATERKEEPER, ET AL.,

    Plaintiffs,

v.                                                       CASE NO. 8:17-cv-35-T-24 MAP

CITY OF GULFPORT,

    Defendant.
_____/

## ORDER

This cause comes before the Court on Plaintiffs' Motion to Strike Affirmative Defenses. (Doc. No. 60). Defendant opposes the motion. (Doc. No. 61). As explained below, the motion is granted in part and denied in part.

**I. Background**

Plaintiffs Suncoast Waterkeeper, Our Children's Earth Foundation ("OCEF"), and Ecological Rights Foundation filed this action against Defendant City of Gulfport under the citizen-suit enforcement provision of the Federal Water Pollution Control Act ("Clean Water Act" or "CWA"). (Doc. No. 1). Plaintiffs allege Defendant has violated section 301(a) of the CWA[1] by (1) discharging pollutants into the waters of the United States without National Pollution Discharge Elimination System ("NPDES") Permit authorization and (2) violating the terms of its NPDES Permit, No. FLS000005-003, through these discharges.

Plaintiffs allege that, through a series of sanitary sewer overflows ("SSOs") and in violation of the CWA, Defendant has repeatedly spilled raw and partially treated sewage from its

---

[1]Section 301(a) of the CWA, 33 U.S.C. § 1311(a), provides that with limited exceptions, "the discharge of any pollutant by any person shall be unlawful."

wastewater collection system into Tampa Bay, the Gulf of Mexico, and other waters near Gulfport. Plaintiffs further allege that, because wastewater collected within Gulfport is ultimately transported to St. Petersburg's publicly owned treatment works ("POTW") facilities, Defendant has also caused or contributed to SSOs from St. Petersburg's POTW by contributing to the overload on the system during wet weather events in the Tampa Bay area.[2]

In response to the complaint, Defendant has filed its answer and has asserted nineteen affirmative defenses. (Doc. No. 59). In the instant motion, Plaintiffs move to strike all nineteen affirmative defenses.

## II. Standard of Review

Federal Rule of Civil Procedure 12(f) provides that the Court may order that "any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter" be stricken from a pleading. "A motion to strike will 'usually be denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties.'" Scelta v. Delicatessen Support Services, Inc., 57 F. Supp.2d 1327, 1347 (M.D. Fla. 1999)(quoting Seibel v. Society Lease, Inc., 969 F. Supp. 713, 715 (M.D. Fla. 1997)).

"An affirmative defense will only be stricken . . . if the defense is 'insufficient as a matter of law.'" Microsoft Corp. v. Jesse's Computers & Repair, Inc., 211 F.R.D. 681, 683 (M.D. Fla. 2002)(quoting Anchor Hocking Corp. v. Jacksonville Electric Authority, 419 F. Supp. 992, 1000 (M.D. Fla. 1976)). An affirmative "defense is insufficient as a matter of law only if: (1) on the face of the pleadings, it is patently frivolous, or (2) it is clearly invalid as a matter of law." Id.

---

[2]Plaintiffs have filed a similar lawsuit against the City of St. Petersburg. See Suncoast Waterkeeper v. City of St. Petersburg, Case No. 8:16-cv-03319-JDW-AEP.

"To the extent that a defense puts into issue relevant and substantial legal and factual questions, it is 'sufficient' and may survive a motion to strike, particularly when there is no showing of prejudice to the movant." Reyher v. Trans World Airlines, Inc., 881 F. Supp. 574, 576 (M.D. Fla. 1995)(citation omitted).

### III. Motion to Strike

In the instant motion, Plaintiffs seek to strike all nineteen affirmative defenses. Specifically, Plaintiffs argue that six of the affirmative defenses fail as a matter of law. Additionally, Plaintiffs argue that all nineteen of the affirmative defenses are not properly pled. Accordingly, the Court will address each argument.

#### A. Whether Certain Affirmative Defenses Fail as a Matter of Law

Plaintiffs argue that six of the affirmative defenses fail as a matter of law. Accordingly, the Court will analyze each of these affirmative defenses.

##### 1. Failure to State a Claim

In its first affirmative defense, Defendant asserts that Plaintiffs have failed to state a claim for relief. Plaintiffs argue, and the Court agrees, that this is not an affirmative defense; rather, this is a denial. See Boldstar Technical, LLC v. Home Depot Inc., 517 F. Supp.2d 1283, 1292 (S.D. Fla. 2007). As such, the Court grants Plaintiffs' motion to strike this defense.

##### 2. Act of God or War

In its third affirmative defense, Defendant asserts that the damages and/or losses alleged in the complaint were proximately caused by an act of God or an act of war. Defendant has withdrawn its act of war defense (Doc. No. 61, p.1), but it contends that its act of God defense is valid. Plaintiffs respond that there is no act of God affirmative defense for violations of section

301(a) of the CWA. The Court agrees with Plaintiffs. See U.S. v. CITGO Petroleum Corp., 697 F. Supp.2d 670, 674 (W.D. La. 2010)(concluding that the act of God defense is not available for violations of section 301(a) of the CWA); U.S. v. ConAgra, Inc., 1997 WL 33545777, at *19 (D. Idaho 1997). Accordingly, the Court strikes Defendant's third affirmative defense.

### 3. Act or Omission of a Third Party

In its fourth affirmative defense, Defendant asserts that Plaintiffs' claims are barred because any violations and damages resulting therefrom were caused solely by the acts or omissions of a third party. Plaintiffs move to strike this affirmative defense, arguing that whether third parties are also partly responsible is irrelevant to their CWA claims. See U.S. v. Chuchua, 2004 U.S. Dist. LEXIS 32365, at *48 (S.D. Cal. Mar. 10, 2004)(stating that "a defendant's liability under the CWA is strict, so whether or not other persons are partly responsible for the pollution is irrelevant"); ConAgra, 1997 WL 33545777, at *19. This Court agrees with Plaintiffs and strikes this affirmative defense.[3]

### 4. Laches

In its fifth affirmative defense, Defendant asserts that Plaintiffs' claims are barred by the doctrine of laches due to Plaintiffs' unreasonable delay in giving notice to Defendant and in filing the complaint, which prejudiced Defendant. Plaintiffs, citing a Ninth Circuit case, argue that this defense should be stricken because equitable defenses such as laches are generally not available against citizen-plaintiffs in environmental cases.

---

[3]As stated, Defendant alleges that the violations were *caused solely* by a third party. Such is a denial of Plaintiffs' CWA claim rather than an affirmative defense.

The Eleventh Circuit has not weighed in on the issue of whether the defense of laches is disfavored in the environmental context. See Mobile Baykeeper, Inc. v. U.S. Army Corps of Engineers, 2014 WL 5307850, at *8 (S.D. Ala. Oct. 16, 2014); Black Warrior Riverkeeper, Inc. v. U.S. Army Corps of Engineers, 781 F.3d 1271, 1284 n.8 (11th Cir. 2015). However, given the fact that the Black Warrior Riverkeeper court considered the laches defense in an environmental case, it appears that the defense does not fail as a matter of law.[4] As such, this Court denies Plaintiffs' motion to strike Defendant's laches defense.

### 5. Indemnification and Contribution

In its eighth affirmative defense, Defendant asserts that Plaintiffs' damages and losses were solely, directly, and proximately caused (or, alternatively, contributed to) by the misconduct, negligence, or wrongful conduct of third parties whose identities are not known to Defendant. As such, Defendant seeks an apportionment of fault and a judgment of indemnification and contribution against those third parties.

Plaintiffs move to strike this purported defense, arguing that whether third parties are also partly responsible is irrelevant to their CWA claims. See Chuchua, 2004 U.S. Dist. LEXIS 32365, at *48 (stating that "a defendant's liability under the CWA is strict, so whether or not other persons are partly responsible for the pollution is irrelevant"). Defendant responds that cases such as Mid-Valley Pipeline Co. v. S.J. Louis Construction, Inc., 847 F. Supp.2d 982, 988 (E.D. Ky. 2012), find that a common law right of contribution exists under the CWA.

---

[4]This Court notes, though, that the Black Warrior Riverkeeper court stated that cases within the Eleventh Circuit "applying laches in complex environmental litigation have generally involved a delay amounting to several years, without any reasonable excuse." Black Warrior Riverkeeper, 781 F.3d at 1285.

The Court finds <u>Mid-Valley Pipeline</u> to be distinguishable, because that case involved civil penalties assessed under 33 U.S.C. § 1321(b)(7), rather than the penalties being sought in the instant case under 33 U.S.C. § 1319(d). In <u>Mid-Valley Pipeline</u>, the court noted that 33 U.S.C. § 1321(h)[5] specifically preserves the right of contribution under federal law in favor of a discharger against a third party whose fault contributed to the discharge. 847 F. Supp.2d at 986, 988. However, § 1321(h) applies to penalties assessed under § 1321, not to those assessed under § 1319(d).

Regardless of whether or not the common law recognizes a right of contribution or indemnity against a third party, such does not affect the fact that this is not an affirmative defense for Defendant to assert against Plaintiffs. As such, the Court strikes this purported defense. The Court notes, however, that it makes no ruling on the issue of whether or not Defendant *can assert a claim* against a third party for contribution or indemnity.

### 6. Standing

In its seventeenth affirmative defense, Defendant asserts that Plaintiffs lack standing to assert their claims. Plaintiffs argue that standing is not an affirmative defense and that this Court has already denied Defendant's motion to dismiss based on standing. The Court is not persuaded by Plaintiffs' arguments.

The issue of standing goes to this Court's subject matter jurisdiction, and challenges to subject matter jurisdiction can be raised at any time. Furthermore, the Court denied Defendant's

---

[5]Section 1321(h) provides, in relevant part, that "[t]he liabilities established by this section shall in no way affect any rights which . . . the owner or operator of a vessel or of an onshore facility or an offshore facility may have against any third party whose acts may in any way have caused or contributed to such discharge." 33 U.S.C. § 1321(h).

motion to dismiss based on a *facial* attack on Plaintiffs' standing. (Doc. No. 48). The Court stated in its order regarding Plaintiff OCEF's standing that OCEF would be required to prove that at least one of its identified members was injured by Defendant's alleged CWA violations. Furthermore, the Court noted that Defendant may wish to assert a factual attack on Plaintiffs' standing at a later date. As a result, the Court denies Plaintiffs' motion to strike this defense.

### B. Whether the Affirmative Defenses are Properly Pled

Next, Plaintiffs argue that all of the remaining affirmative defenses are not properly pled. Plaintiffs generally argue that Defendant's affirmative defenses are simply conclusory assertions that do not contain a sufficient factual basis. This raises an issue that has not been resolved by the Eleventh Circuit—how much factual support must be pled within affirmative defenses. District courts within the Eleventh Circuit have taken conflicting positions on the issue, but this Court agrees with the courts that do not apply the heightened pleading standard set forth in Twombly[6] and Iqbal[7] to affirmative defenses. Those courts explain their reasoning as follows:

> [Some] courts have declined to apply the heightened pleading standard in Twombly and Iqbal to affirmative defenses based upon the rationale that there is a difference in the language of Rule 8(a)—which deals with the pleading requirements for complaints—and Rule 8(b) and (c), which deal with the pleading requirements for defenses. Although Rule 8(a)(2) requires a complaint to include a "short and plain statement of the claim showing that the pleader is entitled to relief," Rules 8(b)(1)(A) and 8(c)(1) only require that a party states his defenses. The Supreme Court in Twombly and Iqbal relied on the specific language of Rule 8(a)(2), which requires a "showing" of entitlement to relief, when it established the plausibility requirement for complaints. Thus, it follows that the plausibility requirement . . . should not apply to

---

[6]Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007).

[7]Ashcroft v. Iqbal, 556 U.S. 662 (2009).

7

> affirmative defenses because the language in the rule governing affirmative defenses notably lacks any "showing" requirement. Secondly, requiring affirmative defenses to contain the factual specificity needed to meet a plausibility standard would be unfair to defendants, who lack time to conduct investigations within the twenty-one day period to respond to complaints.

Smith v. Wal-Mart Stores, Inc., 2012 WL 2377840, at *2 (N.D. Fla. June 25, 2012)(internal citations omitted).

Therefore, to the extent that Plaintiffs argue that Defendant's affirmative defenses should be stricken because they are conclusory and without sufficient specific factual support, the Court rejects this argument (with one exception), as no prejudice to Defendant has been shown by the allegedly insufficient pleading. Additional factual detail to support these affirmative defenses can be sought through discovery. However, the Court agrees with Plaintiffs that Defendant's sixth affirmative defense is woefully deficient.

Defendant's sixth affirmative defense is titled, "Uncertainty." Defendant asserts the following: "Each claim for relief alleged in the Complaint is uncertain." (Doc. No. 59). Plaintiffs argue that this vague assertion does not give them notice of the proposed defense. Defendant fails to respond to this argument, and the Court agrees with Plaintiffs that this purported affirmative defense is not sufficiently pled and provides no notice of the intended defense. Accordingly, the Court strikes Defendant's sixth affirmative defense.

## IV. Conclusion

Accordingly, it is ORDERED AND ADJUDGED that Plaintiffs' Motion to Strike Affirmative Defenses (Doc. No. 60) is **GRANTED IN PART AND DENIED IN PART**: The

motion is **GRANTED** as to Defendant's first, third, fourth, sixth, and eighth affirmative defenses; otherwise, the motion is **DENIED**.

**DONE AND ORDERED** at Tampa, Florida, this 3rd day of August, 2017.

SUSAN C. BUCKLEW
United States District Judge

Copies to:
Counsel of Record