UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| SUNCOAST WATERKEEPER, OUR CHILDREN'S EARTH FOUNDATION, AND ECOLOGICAL RIGHTS FOUNDATION,<br><br>            Plaintiffs,<br><br>   v.<br><br>CITY OF GULFPORT,<br><br>            Defendant. | **Civil Case No. 8:17-cv-00035-SCB-AEP** |

**UNOPPOSED MOTION FOR ORDER MODIFYING THE
AMENDED CASE MANAGEMENT AND SCHEDULING ORDER**

Pursuant to Rule 6(b)(1)(A) of the Federal Rules of Civil Procedure and Rule 3.01 of the Local Rules of the United States District Court for the Middle District of Florida, Plaintiffs Suncoast Waterkeeper, Our Children's Earth Foundation, and Ecological Rights Foundation ("Plaintiffs"), together with Defendant City of Gulfport ("Defendant") (collectively, the "Parties") hereby move this Court for an Order extending deadlines and the trial date set forth in the Amended Case Management and Scheduling Order (Dkt. 108). The Parties make this request in furtherance of their efforts to informally resolve discovery disputes; to complete remaining discovery tasks in an orderly and efficient manner; and to accommodate further settlement negotiations.

**MEMORANDUM IN SUPPORT OF UNOPPOSED MOTION**

**I.    Pertinent Factual and Procedural Background**

On January 30, 2018, upon consideration of the Parties' Amended Stipulation (Dkt. 106),

the Court granted the Parties' requested stay of the litigation (Dkt. 107); terminated all of the then-pending motions (*id.*); and issued an Amended Case Management and Scheduling Order (Dkt. 108) ("CMO").  Pursuant to the CMO, this case is scheduled for trial during the January 2019 trial calendar (*id.* at ¶ 1); a Pretrial Conference will be held on December 11, 2018 at 8:30 a.m. (*id.* at ¶ 2); Plaintiffs will disclose their rebuttal expert witnesses and reports by July 10, 2018 (i*d.* at ¶ 3); discovery must be completed on or before August 10, 2018 (*id.* at ¶ 5); dispositive motions shall be filed on or before August 24, 2018 (*id.* at ¶ 6); the Parties were ordered to participate in mediation with Peter Grilli on or before April 19, 2018 (*id.* at ¶ 7); Daubert motions shall be filed on or before August 24, 2018, with responses thereto due not later than 14 days after the filing date of the motion (*id.* at ¶ 8); and declarations to be used as evidence at trial must be filed by October 22, 2018, with any objections thereto filed by November 8, 2018 (*id.* at ¶ 13).

The Parties unfortunately reached an impasse at their April 12, 2018 mediation with Mr. Grilli.  (Dkt. 111.)  Since then, they have made significant progress toward the completion of discovery.  Plaintiffs served their Rule 26 expert disclosure and report on April 25, 2018; and Defendant served its rebuttal expert disclosure and reports on June 5, 2018.  To date, the Parties have each served and responded to numerous written interrogatories, requests for admission, and requests for production of documents; produced over 15,000 pages of documents; noticed the depositions of 14 fact witnesses and have begun conferring on the scheduling of expert witness depositions; and Plaintiffs either completed or initiated seven fact witness depositions between May 29, 2018 and June 15, 2018.

Pursuant to Local Rule 3.01(g), the Parties have conferred in good faith to resolve a number of discovery disputes.  On May 16, 2018, Defendant produced approximately 3,900

pages of documents in response to Plaintiffs' Third Set of Requests for Production. Subsequent discovery efforts and investigations have revealed that a number of responsive documents in Defendant's possession were inadvertently not included in the May 16, 2018 document production. Defendant provided Plaintiffs with supplemental document productions on May 30, 2018 and June 14, 2018; and Defendant intends to serve a further supplemental document production, as well as a privilege log, on June 29, 2018. Given that Plaintiffs have conducted most of their depositions of Defendant's fact witnesses before receiving all of Defendant's documents, Plaintiffs have reserved their right to reopen those depositions conducted between May 29, 2018 and June 15, 2018. Defendant has agreed to confer with Plaintiffs on producing said witnesses for additional questioning on mutually agreeable dates, after Plaintiffs have had an opportunity to review Defendant's forthcoming further supplemental document production. Defendant has also agreed to jointly (with Plaintiffs) seek the Court's entry of an Order that extends the time for Plaintiffs to serve their rebuttal expert disclosures and reports from July 10, 2018 to July 31, 2018; in order to allow Plaintiffs' experts' review of documents that will be produced shortly. In return, Plaintiffs have agreed to refrain from filing their contemplated motion to compel Defendant's further responses to Plaintiffs' Requests for Production.

Another dispute concerns Defendant's noticed depositions of six individuals who are members of one or more of the Plaintiff-organizations. By May 10, 2018, Plaintiffs agreed to produce five of the six witnesses for depositions on May 30, 2018, June 1, 2018, and June 4, 2018 in Tampa. Plaintiffs also agreed to produce Annie Beaman, the sixth witness who is a member and an employee of one of the Plaintiff-organizations, for deposition on a mutually agreeable day during the third week of June 2018 in the San Francisco Bay Area. However, on May 27, 2018, Plaintiffs cited authorities to support their request that Defendant forego taking

the 5 depositions of Plaintiffs' members, who Plaintiffs had agreed to produce in Tampa beginning that week.  Then the evening of May 29, 2018, Plaintiffs informed Defendant that Ms. Beaman (the sixth fact witness) would attend some or all of the depositions that were set to begin in Tampa that next morning; and asked Defendant if it had questions or concerns.  Defendant objected to Ms. Beaman's attendance, and contended that the time constraints effectively forced Defendant to postpone the depositions and seek the Court's ruling on whether Ms. Beaman's attendance of the aforementioned depositions should be allowed.  The Parties have since conferred in good faith, and will very shortly begin the process of rescheduling the depositions of the six Plaintiffs' witnesses on mutually agreeable dates and times.

Plaintiffs' notice of deposition of Defendant's Mayor is the subject of Defendant's Motion for Protective Order.  (Dkt. 125.)  The Court conducted a hearing on June 7, 2018; and will conduct a further hearing on June 29, 2018 to decide whether the Mayor must be produced for deposition, and if so, the scope of inquiry allowed.  (Dkt. 138.)

In addition to the above-described fact witnesses, the Parties must coordinate to complete the depositions of expert witnesses.  Plaintiffs wish to depose Defendant's two expert witnesses in the mid- to late July 2018 time period.  Provided the Court grants this Motion, Defendant would confer with Plaintiffs to depose their experts in the early August 2018 time period.

The Parties have begun conferring on the possibility of a second mediation session with Mr. Grilli.  The Parties' respective counsel generally agree that this case may be better-positioned for further settlement negotiations after expert discovery is completed, and after summary judgment motions and oppositions thereto are filed.  Further, given the complexity of the case, the number of issues that would need to be addressed in a settlement agreement, the procedures that Defendant would need to follow to get a settlement agreement approved and executed, and

the Parties' and the Court's interests in conserving resources, the Parties believe a period of at least 90 days between mediation and the pretrial conference would promote settlement and be in furtherance of judicial economy.

A matter further complicating the present schedule in this case is that it appears that the trial in the factually interrelated case currently pending before Judge Whittemore, *Suncoast Waterkeeper, et al. v. City of St. Petersburg*, Case No. 8:16-cv-3319-JDW-AEP now set for October 2018 will likely be moved into December 2018 or January 2019. Judge Whittemore in a recent status conference indicated he will be unavailable for trial in October and November. Counsel for Plaintiffs are also co-counsel in *St. Petersburg* and it will be difficult for counsel to be in trial simultaneously or nearly simultaneously in both this case and the *St. Petersburg* case.

**II.    Good Cause Exists To Grant This Unopposed Motion**

The Parties are mindful of Local Rules 3.05(c)(2)(E) and 3.05(c)(3)(D) as well as Paragraph 9 of the CMO, which make it clear that motions to continue scheduled deadlines are distinctly disfavored after entry of the CMO.  However, based on the factual and procedural circumstances described above, the Parties respectfully submit that good cause exists to grant this Motion.

Pursuant to Local Rule 3.09(b), this Unopposed Motion is being filed more than 60 days before trial of this case, which is currently on the January 2019 trial calendar, and the requested modifications are not due to any lack of diligence.  Rather, the requested modifications are in furtherance of the Parties' desire to informally resolve discovery disputes; to complete remaining discovery tasks in an orderly and efficient manner; and to accommodate further settlement negotiations.   This Unopposed Motion is being made in good faith, and is not being made to

cause delays. Neither Plaintiffs nor Defendant will be prejudiced by granting their requested relief.

### III. The Parties' Requested Modifications to the CMO

Based on the foregoing, the Parties hereby respectfully request the following modifications to the CMO:

1. TRIAL: March 2019 trial calendar.

2. PRETRIAL CONFERENCE: February 12, 2018 at 8:30 a.m.

3. DISCLOSURE OF EXPERT TESTIMONY: Plaintiffs will disclose rebuttal expert reports by July 31, 2018.

4. THIRD PARTY CLAIMS, JOINDER OF PARTIES & AMENDMENTS: (no change)

5. DISCOVERY CUTOFF: September 7, 2018.

6. DISPOSITIVE MOTIONS CUTOFF: September 21, 2018.

7. MEDIATION: November 30, 2018.

8. DAUBERT MOTIONS: September 21, 2018.

9. (no change)

10. SUMMARY JUDGMENT PROCEDURES: (no change)

11. CONSENT TO TRIAL BY MAGISTRATE JUDGE: (no change)

12. SETTLEMENTS (no change)

13. USE OF WRITTEN DECLARATIONS AT TRIAL: January 14, 2019; with any

objections thereto filed by January 28, 2019.

Respectfully submitted,

| | |
|---|---|
| **/s/ Emil A. Macasinag** | **/s/ Christopher Sproul** |
| **EMIL A. MACASINAG, ESQ.** | **CHRISTOPHER SPROUL, ESQ.** |
| Florida Bar No.: 256953 | *Pro Hac Vice* |
| JASON H. KLEIN, ESQ. | Environmental Advocates |
| Florida Bar No.: 16687 | 5135 Anza St. |
| VINCENT P. BEILMAN, III , ESQ. | San Francisco, CA 94121 |
| California Bar No.: 23966 | T: (415) 533-3376 |
| WOOD, SMITH, HENNING & BERMAN, LLP | F: (415) 358-5695 |
| 101 E. Kennedy Boulevard | csproul@enviroadvocates.com |
| Tampa, FL 33602 | *Counsel for Plaintiffs* |
| T: (813) 442-6910 | |
| F: (813) 442-6983 | |
| vbeilman@wshblaw.com | |
| jklein@wshblaw.com | |
| emacasinag@wshblaw.com | |
| tmarshall@wshblaw.com | |
| *Counsel for Defendant* | |

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on June 29, 2018, a true and correct copy of the foregoing was electronically filed with the Clerk of the Court using CM/ECF which will serve notice of electronic filing to all counsel of record.

> */s/Christopher Sproul*
> **Christopher Sproul, Esq.**