## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

SUNCOAST WATERKEEPER, OUR
CHILDREN'S EARTH FOUNDATION, AND
ECOLOGICAL RIGHTS FOUNDATION,

          Plaintiffs,

v.

CITY OF GULFPORT,

          Defendant.

Case No.: 8:17-cv-35-T-24 AEP

### DEFENDANT, CITY OF GULFPORT'S MOTION TO COMPEL

COMES NOW, Defendant, City of Gulfport ("Gulfport") by and through its undersigned counsel and pursuant to Rules 30(a)(1) and 37(a), Fed. R. Civ. Pro., moves for the entry of an order compelling Plaintiffs to produce Jill Wenner for deposition. In support thereof, Gulfport states as follows:

1.      On April 10, 2017, Plaintiffs served Gulfport with Plaintiffs' Revised Initial Disclosures, attached hereto as Exhibit "A". In the Revised Initial Disclosures, Plaintiffs listed Jill Wenner as a person who may be called as a standing witness.

2.      Plaintiffs have filed an affidavit of Jill Wenner in support of Plaintiffs' Motion for Partial Summary Judgment.

3.      Ms. Wenner resides in St. Petersburg, Florida.

4.      Ms. Wenner was previously set for deposition in August of 2018, but that deposition was cancelled on the request of counsel for Plaintiffs, due to Ms. Wenner's family medical emergency.

5.      Defendant has thus far taken three depositions, and intends to take an additional six depositions, inclusive of Ms. Wenner.

6.      Defendant has requested deposition dates from Plaintiffs' counsel for Ms. Wenner. Plaintiffs' counsel has responded by stating that Defendant is not entitled to take Ms. Wenner's deposition because of the submission of a declaration as to standing.

7.      During an April 24, 2019 teleconference to discuss outstanding discovery issues, including Ms. Wenner's deposition, Plaintiffs' counsel represented that while Plaintiffs would not object to the procedure employed in setting Ms. Wenner's deposition, i.e. notice versus subpoena, Plaintiffs would not produce Ms. Wenner for deposition absent an order from this Court compelling her attendance.  Plaintiffs also agreed to respond to any motion to compel within one week of filing of the motion to expedite bringing the matter to resolution by the Court.

8.      On April 29, 2019, the undersigned noticed Ms. Wenner for deposition, with said deposition to take place on Thursday, May 16, 2019 at 9:00 a.m. at the undersigned's office in St. Petersburg, Florida. The notice is attached hereto as Exhibit "B".

9.      The undersigned has attempted in good faith to resolve this dispute without resort to this Motion to Compel, but Plaintiffs' counsel continues to represent that Plaintiffs will not voluntarily produce Ms. Wenner for deposition.

## Incorporated Memorandum of Law

10.     Under Rule 30 (a) (1), Fed. R. Civ. Pro., Defendant is entitled to take the deposition of Ms. Wenner. This deposition will not result in more than 10 depositions being taken by Defendant; Ms. Wenner has not been previously deposed in this case; the timing of the deposition is proper under Rule 26(d); and Ms. Wenner is not imprisoned. Fed. R. Civ. P. 30(a)(1) clearly permits this Court to compel attendance of Ms. Wenner at a deposition. *Clean Coal Technologies, Inc. v. Hamilton*, 2009 WL 10668672, at *2 (S.D.Fla., 2009).

11.     Plaintiffs, in claiming Defendant is not entitled to depose Ms. Wenner, have cited a host of cases that do not support this claim. For instance, Plaintiffs cite *Gwaltney of Smithfield, Ltd. v. Chesapeake Bay Foundation, Inc.,* 484 U.S. 49 (1987) for the proposition that standing in citizen suits is usually established by affidavits. *Gwaltney* mentions the word 'affidavit' once, and only to say that a complaint need not be supported by affidavits to survive a motion to dismiss. *Id.* at 65. Plaintiffs also cite *Am. Canoe Ass'n v. Murphy Farms, Inc.,* 326 F.3d 505 (4th Cir. 2003) in support of their contention. This case did not consider the question of whether a standing witness could be deposed, but rather discusses affidavits as being a typical method of establishing standing, in support of its decision that although a court order was titled a "declaratory judgment", it was in fact an order granting partial summary judgment. That the Rules permit an affidavit to be used in support of a motion for summary judgment simply does not preclude depositions of a witness who has executed an affidavit.

12.     Plaintiffs go so far as to say that "courts have repeatedly rejected efforts by defendants to depose standing witnesses", and cite *Southwest Center for Biological Diversity v. Clark*, 90 F.Supp.2d 1300 (D.N.M.,1999) in support thereof. Plaintiffs fail to acknowledge

that the party seeking discovery in *Southwest Center for Biological Diversity v. Clark* was an intervenor, whose participation was expressly limited to "responding to dispositive motions filed by Plaintiffs or Defendants." *Id.* at 1302. Importantly, in that case the defendants did not contest standing. *Id.* at 1301-1302. Simply put, the question of whether an *intervenor* may take a standing witness deposition, in a case where the defendant *does not contest standing* and in which the order allowing intervention *expressly limited said intervenor's participation to responding to dispositive motions,* is simply not relevant to whether Defendant is entitled to depose Ms. Wenner. To the contrary Rule 30(a)(1), Fed. R. Civ. Pro., expressly authorizes the deposition of Ms. Wenner in the case sub judice.

WHEREFORE Defendant requests that this Court enter an order compelling the attendance of Jill Wenner at the deposition noticed by Defendant, and for such other relief this Court deems proper.

Respectfully submitted this 6th day of May, 2019.

> /s/ John W. Wallace
> KEVIN S. HENNESSY, ESQUIRE
> Florida Bar No. 0602558
> RICHARD P. GREEN, ESQUIRE
> Florida Bar No. 0119530
> LEWIS, LONGMAN & WALKER, P.A.
> 100 Second Avenue South, Suite 501-S
> St. Petersburg, FL 33701
> Telephone: (727) 245-0820
> Facsimile: (727) 290-4057
> Primary Email: khennessy@llw-law.com
>                 rgreen@llw-law.com
> Secondary Email: jbissette@llw-law.com
>                 jdavy@llw-law.com

JOHN W. WALLACE, ESQUIRE
Florida Bar No. 0057859
LEWIS, LONGMAN & WALKER, P.A.
245 Riverside Ave., Ste. 150
Jacksonville, FL 32202
Telephone: (904) 353-6410
Primary Email:  jwallace@llw-law.com
Secondary Email:  sreichard@llw-law.com
***Counsel for City of Gulfport***

## CERTIFICATE OF SERVICE

I hereby certify that on May 6, 2019, a true and accurate copy of the foregoing was electronically filed with the Clerk of the Court using CM/ECF which will serve notice of electronic filing to all parties of record.

*/s/ John W. Wallace*
KEVIN S. HENNESSY, ESQUIRE
Florida Bar No. 0602558
RICHARD P. GREEN, ESQUIRE
Florida Bar No. 0119530
JOHN W. WALLACE, ESQUIRE
Florida Bar No. 0057859
LEWIS, LONGMAN & WALKER, P.A.

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SUNCOAST WATERKEEPER, OUR
CHILDREN'S EARTH FOUNDATION, and
ECOLOGICAL RIGHTS FOUNDATION

          Plaintiffs,

      v.

CITY OF GULFPORT

          Defendant.

**Civil Case No. 8:17-cv-00035-SCB-MAP**

## PLAINTIFFS' REVISED INITIAL DISCLOSURES

Pursuant to Federal Rule of Civil Procedure Rule 26(a)(1) Plaintiffs Suncoast Waterkeeper ("SCWK"), Our Children's Earth Foundation ("OCE") and Ecological Rights Foundation ("ERF") (collectively, "Plaintiffs") provide the following Initial Disclosures.

**I. The name and, if known, the address and telephone number of each individual likely to have discoverable information — along with the subjects of that information — that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment.**

The following individuals may be called by Plaintiffs as standing witnesses: Mike Sullivan, Joseph McClash, John Rice, Rob Alfieri, Jill Wenner, Sandra Ripberger, Andrew Hayslip, Annaliese Beaman, Eliza Epstein, Elizabeth Forys, Lee Irby, Rachel Rosner. All of these potential witnesses may be reached through Plaintiffs' counsel.



The following individuals are current and former employees, consultants, agents, contractors, and other representatives of Gulfport who are expected to have personal knowledge of facts pertinent to Plaintiffs' claims, including but not limited to facts concerning the configuration/characteristics, management, operation and maintenance of Gulfport's wastewater collection system (the "WCS") and municipal separate storm sewer system (the "MS4") and related permits, Gulfport's sanitary sewer overflows (SSOs), the locations and water bodies affected by these SSOs, the causes of these SSOs, the environmental impacts of these SSOs, the remedial measures needed to reduce or eliminate SSOs from Gulfport's WCS, the effect of peak wet weather flows in the Gulfport WCS on the capacity of the St. Petersburg publicly owned treatment works ("POTW") to convey and treat sewage without SSOs, coordination with St. Petersburg in reducing peak wet weather flow from Gulfport's WCS into the St. Petersburg POTW, Gulfport's current planning for maintenance operation and management of the Gulfport WCS (including both technical/engineering planning and financial planning), Gulfport's financial resources for financing maintenance, operation and management of the Gulfport WCS and paying civil penalties for its Clean Water Act violations. These individuals include but are not limited to the following: Don Sopak, James O'Reilly, Cheryl Hannafin, Kelly S. Wehner (Cardno Engineer), and Yolanda Roman.

The following individuals are employees, consultants, agents, and other representatives of the Florida Department of Environmental Protection (FDEP), Southwest District – Tampa, 13051 N. Telecom Parkway, Temple Terrace, FL, 33637, (813) 470-5700. These individuals have or are expected to have personal knowledge of facts regarding the FDEP's compilation of information that documents Gulfport's SSOs, the causes of these SSOs, and appropriate remedial measures to reduce these SSOs. These individuals include but are not limited to the following: Mary Yeargan, Kelley Boatwright, Michelle Holton, Leandro Garcia, Jessica Kleinfelter, Jacki Champion.

The following individuals are current and former employees, consultants, agents, contractors, and other representatives of St. Petersburg. These individuals have or are expected to

have personal knowledge of facts regarding several matters pertinent to Plaintiffs' claims, including but not limited to the configuration/characteristics, management, operation and maintenance of St. Petersburg's wastewater collection and transport system (the "WCTS") and wastewater reclamation facilities (the "WRFs") and related permits, SSOs from the WCTS or WRFs and whether these SSOs were caused or contributed to by the management, operation or maintenance of the Gulfport WCS; the locations and water bodies affected by these SSOs, the causes of these SSOs, the environmental impacts of these SSOs, the remedial measures needed to reduce or eliminate SSOs from St. Petersburg's WCTS and WRFs (including those that Gulfport needs to implement), the effect of peak wet weather flows in the Gulfport WCS on the capacity of the St. Petersburg WCTS and WRFs to convey and treat sewage without SSOs, coordination between Gulfport and St. Petersburg in reducing peak wet weather flow from Gulfport's WCS into the St. Petersburg POTW, St. Petersburg's current planning for maintenance operation and management of the St. Petersburg WCS (including both technical/engineering planning and financial planning), St. Petersburg's financial resources for financing maintenance, operation and management of the St. Petersburg WCS, and St. Petersburg's agreements with Gulfport and other cities or municipalities providing for wastewater treatment. These individuals include but are not limited to the following, and Plaintiffs believe each of them can be contacted through St. Petersburg's counsel, Brian A. Bolves of Manson Bolves Donaldson Varn, P.A., 1101 W. Swann Ave., Tampa, FL, 33606, (813) 514-4700: Claude Tankersley, Thomas Gibson, Steven Leavitt, Craven Askew, Lane Longley, Matt Wilson, Charles Wise, Terrell Holmes, John Turner, John Stanton, George Cassady, Patti Andersen, Brejesh Prayman, John Palancher, Rick Cooper, Janet DeBiasio, Silvia Rosario, David Avbaspour, Q. Keith Knowlton, Gary Cornwell, Blaze Mazzola, Mike Connors, Mark McNeil, Tish Elston, Evelyn Rossetti, Randy Houston, Anthony White, Alex Terletsky, Michael Beck, Carlos Frey, John Morris, and Louis "Tony" Seufert.

**II.  A copy — or a description by category and location — of all documents, electronically stored information, and tangible things that the disclosing party has in its possession,**

**custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment**.

The documents in issue consist of documents received from FDEP, the City of Gulfport and the City of St. Petersburg through subpoenas or Florida Sunshine Law records requests that address the following topics:

1. Documents pertinent to Gulfport's interaction with other local jurisdictions and other pertinent third parties, including the City of St. Petersburg concerning management, operation and maintenance of the Gulfport WCS and coordination of this management, operation and maintenance with the management, operation and maintenance of the City of St. Petersburg's POTW.

2. Documents pertinent to the capacity, planning, operation, and management of Gulfport's WCS and Gulfport's implementation of measures to maintain, operate, and manage the WCS.

3. Documents pertinent to the incidence of SSOs from the Gulfport WCS or from the St. Petersburg POTW that Gulfport caused or contributed to and the potential impacts on receiving waters from these SSOs, including documents related to where these SSOs occurred, whether they reached waters and if so which waters, environmental impacts of these SSOs, causes of these SSOs, and remedial measures necessary to reduce or eliminate these SSOs.

4. Documents pertinent to regulatory matters and the regulation of Gulfport by regulatory agencies such as FDEP, including the compilation of information documenting Gulfport's SSOs, the causes of these SSOs, and the remedial measures necessary to reduce or eliminate these SSOs.

5. Documents pertinent to evaluating the mandatory civil penalty assessment criteria in Clean Water Act section 309(d), 33 U.S.C. § 1319(d).

**III.  A computation of each category of damages claimed by the disclosing party — who must also make available for inspection and copying under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each**

**computation is based, including materials bearing on the nature and extent of injuries suffered.**

The environmental statutes under which Plaintiffs are proceeding do not provide for the award of damages, only declaratory and injunctive relief, attorneys' fees and costs.

**IV.  Any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment.**

Plaintiffs have no such insurance agreement to disclose.

Dated: April 10, 2017

Christopher a. sproul
_____
Christopher Sproul
Attorney for Plaintiffs

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SUNCOAST WATERKEEPER, OUR
CHILDREN'S EARTH FOUNDATION, AND
ECOLOGICAL RIGHTS FOUNDATION,

      Plaintiffs,

v.

CITY OF GULFPORT,

      Defendant.

Civil Case No. 8:17-cv-00035-SCB-AEP

## NOTICE OF TAKING DEPOSITION DUCES TECUM

PLEASE TAKE NOTICE that Defendant, CITY OF GULFPORT, pursuant to Federal Rules of Civil Procedure 30(a)(1), hereby notices the following deposition, by oral examination, of the person(s) named below, at the time, on the date, at the hour and at the place indicated:

| Deponent | Date and Time | Location |
|----------|---------------|----------|
| Jill Wenner | Thursday, May 16, 2019 @ 9:00 a.m. | Lewis, Longman & Walker, P.A. 100 Second Ave S., Suite 501-S St. Petersburg, FL 33701 |

This deposition will be taken before a court reporter, notary public, or before some other official authorized to take depositions, by Orange Legal (800) 275-7991. This deposition is being taken for the purpose of discovery, for use at trial, or for such other purposes as are permitted under the Federal Rules of Civil Procedure.

Pursuant to Rule 30(b)(2), the deponent is requested to digitally produce to the undersigned the documents described in the attached **Exhibit "A"** no later than Monday, May 13, 2019.


EXHIBIT
B
tabbies

Dated this 29th day of April, 2019.

/s/ Kevin S. Hennessy
KEVIN S. HENNESSY, ESQUIRE
Florida Bar No. 0602558
RICHARD P. GREEN, ESQUIRE
Florida Bar No. 0119530
LEWIS, LONGMAN & WALKER, P.A.
100 Second Avenue South, Suite 501-S
St. Petersburg, FL 33701
Telephone: (727) 245-0820
Facsimile: (727) 290-4057
Primary Email: khennessy@llw-law.com
                rgreen@llw-law.com
Secondary Email: jbissette@llw-law.com
                jdavy@llw-law.com
**Counsel for City of Gulfport**

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing has been furnished

via the Email on this 29th day of April, 2019, to the following:

Justin Bloom
Justin Bloom, Attorney at Law
PO Box 1028
Sarasota, FL 34230
Bloomesq1@gmail.com

Molly Coyne
mcoyne@enviroadvocates.com
Christopher Sproul
csproul@enviroadvocates.com
Environmental Advocates
5135 Anza Street
San Francisco, CA 94121-2546

Michael Digiulio
mike@superlawgroup.com
Edan Rotenberg
edan@superlawgroup.com
Super Law Group, LLC
180 Maiden Lane, Sutie 603
New York, NY 10038

Kathryn Schmidt
kschmidt@vnf.com
Van Ness Feldman
1050 Thomas Jefferson Street NW, 7th Floor
Washington DC 20007

/s/ Kevin S. Hennessy
KEVIN S. HENNESSY, ESQUIRE
Florida Bar No. 0602558

## EXHIBIT "A"

### Definitions

**Correspondence** includes letters, emails, memorandums, phone records or communications of any kind between any individuals and entities.

**Documents/Documentation** include(s) notes, memoranda, writings, applications, addendums, drawings, forms, photographs, reports, surveys, forms, videos, phone records, calculations, field notes, plans, test results, specifications, renderings, invoices, permits, applications, exhibits, data and electronic information of any kind.

**The Litigation** refers to the federal court matter before the US District Court – Middle District of Florida, Case No. 8:17-cv-00035-SCB-MAP.

### PRODUCE THE FOLLOWING:

1. All document(s) relating to any statements you have made, orally or in writing, in support of any testimony you anticipate providing as a standing witness in connection with the Litigation.

2. All document(s) referenced in any report, declaration or affidavit you have prepared concerning any testimony you may give regarding the Litigation.

3. All documents and correspondence that you anticipate utilizing for, or upon which you may rely to prepare, any testimony you may give at trial in the Litigation.

4. All documents and correspondence you reviewed in preparation for your deposition or your testimony at trial in the Litigation.